# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY CHRISTOPHER STUBBS, III,** | : | CIVIL NO. 1:18-CV-128 |
| | : | |
| | : | (Chief Judge Conner) |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| **KEVIN KAUFFMAN,** *et al.*, | : | |
| | : | |
| Respondents | : | |

## ORDER

AND NOW, this 6th day of March, 2018, upon consideration of the election form (Doc. 6)[1] filed by petitioner, Henry Christopher Stubbs, III, in which he elects to withdraw his habeas petition with the intent of filing an all-inclusive petition under 28 U.S.C. § 2254, it is hereby ORDERED that:

---

[1] Because construing and ruling upon a petition under 28 U.S.C. § 2254 may preclude Stubbs from filing a second or successive petition for writ of habeas corpus, he was afforded the opportunity to have his petition construed and ruled upon under section 2254 or to withdraw the petition. (Doc. 5). See 28 U.S.C. § 2244(b) (providing that a "second or successive habeas corpus application" under section 2254 may be filed only in limited circumstances and with approval of the court of appeals); United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999) (instructing district courts to provide notice to *pro se* petitioners of potential ramifications of filing petitions under 28 U.S.C. § 2254); Mason v. Myers, 208 F.3d 414, 417-18 (3d Cir. 2000) (applying Miller requirements to section 2254 habeas petitions as well as to section 2255 petitions); but cf. Pliler v. Ford, 542 U.S. 225 (2004) (disapproving of the requirement that district courts give habeas petitioners warnings related to exhaustion and statute of limitations).

1. The petition for writ of habeas corpus (Doc. 1) is DEEMED withdrawn without prejudice.

2. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania