# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY CHRISTOPHER STUBBS, III,** | : | CIVIL NO. 1:18-CV-128 |
| | : | |
| | : | (Chief Judge Conner) |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| **KEVIN KAUFFMAN,** | : | |
| | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 7th day of May, 2019, upon consideration of the petition for writ of habeas corpus (Doc. 13) filed by petitioner Henry Christopher Stubbs, III, challenging his 2003 Court of Common Pleas of Luzerne County conviction of two counts of first-degree murder and various related charges, Commonwealth v. Stubbs, CP-40-CR-844-2002 (Pa. Ct. Com. Pl. Luzerne Cty.), and it appearing that the court has previously determined the legality of such conviction, Stubbs v. Curley, et al., No. 1:10-CV-1849, 2012 WL 4103926 (M.D. Pa. 2010), and that petitioner fully exhausted the appeal of this determination by pursing the matter in the United States Court of Appeals for the Third Circuit, Stubbs v. Curley, et al., No. 13-1894 (3d Cir. 2013), which denied his request for a certificate of appealability, and it further appearing that the instant filing constitutes a second or successive petition for writ of habeas corpus subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which specifically provides that "[b]efore a second or successive application permitted by

this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application," 28 U.S.C. § 2244(b)(3)(A), see Burton v. Stewart, 549 U.S. 147, 153 (2007) (if a petitioner does not receive the required authorization from the court of appeals before filing a second or successive petition, the district court is "without jurisdiction to entertain it"); Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002) (holding that, absent an order from the circuit court granting leave to a petitioner, a district court does not have subject matter jurisdiction to entertain a petition for writ of habeas corpus that it deems to be a second or successive petition), and it being evident that petitioner has failed to comply with section 2244(b)(3)(A), it is hereby ORDERED that:

1. The petition (Doc. 13) is DISMISSED without prejudice to petitioner seeking approval from the court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a second or successive habeas petition.

2. All pending motions are DISMISSED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania